D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WOODROW FLEMMING,

          Plaintiff,

  -against-

CITY OF NEW YORK et al.,

          Defendants.
------------------------------------------------------------X

MEMORANDUM & ORDER

03-CV-662 (NGG) (LB)

GARAUFIS, District Judge.

Plaintiff Woodrow Flemming ("Plaintiff" or "Flemming") is a *pro se* litigant who brought suit against the City of New York, the Brooklyn House for Men, Rikers Island, and New York Hospital Corporation under 42 U.S.C. § 1983. Plaintiff has recently filed numerous letters and motions, a number of which Judge Bloom ruled on in a July 12, 2007 Order ("7/12/07 Order"). (Docket Entry #99.) By this Memorandum and Order ("M&O"), I consider his further correspondence.

(1) By letter filed on July 5, 2007, Plaintiff asks the court to review his earlier "request for discovery." (Plaintiff's Letter to the Court filed on July 5, 2007 at 1.) Although Plaintiff is unclear in his letter, it appears that he is referring to another letter of his that was filed on June 12, 2005 asking for certain discovery. (See Docket Entry #83.) By Order dated June 20, 2007, Judge Bloom wrote that "[t]o the extent the Court can understand Plaintiff's motion, it seeks to compel disclosures." (Docket Entry #85.) Judge Bloom denied that motion, except for one requested document, a copy of Plaintiff's deposition transcript. (Id.) Plaintiff wrote to this court

1

on July 5, 2007 to "inform . . . [the] trial judge of misconduct," noting "there is no way that the motion was moot. . . . [I]t was file[d] on time." (Docket Entry #96.) However, a review of the record shows that the Plaintiff is confused about the procedural history of this motion. Judge Bloom's June 20, 2007 Order did not deny his motion on ground of mootness. Rather, by a separate Order also dated June 20, 2007, Judge Bloom denied a request by Defendant for an enlargement of time to respond to another of Plaintiff's motions, one requesting counsel, as moot because Plaintiff's application had already been denied. Furthermore, having reviewed Judge Bloom's Order, I do not find any misconduct in her denial of Plaintiff's requested discovery.

(2) By letter filed on July 18, 2007, to the extent that Plaintiff is asking for anything, Plaintiff appears to make the same argument as his letter filed on July 5, 2007, that "this is misconduct . . . that I did write this court about the misconduct and Judge Bloom [denied] plaintiff . . . discovery." (Plaintiff's Letter to the Court filed on July 18, 2007 (Docket Entry #100).) Plaintiff also argues that he is "accusing defendants of misconduct" (id.), though he does not explain the basis for this accusation. For the reasons stated above, to the extent that Plaintiff is seeking any relief, such relief is denied, and I make no finding of misconduct.

(3) By letter filed on July 16, 2007, to the extent that Plaintiff is asking the court to do anything, he appears to request that the court "not reopen the discovery." (Docket Entry #103.) Plaintiff has given no reason to upset Judge Bloom's previously ruled-upon discovery schedule, nor does it seem that he is even asking the court to do so at this time. Accordingly, I decline to intervene on this discovery issue.

(4) By letter filed on July 19, 2007, Plaintiff writes to inform the court about what he perceives to be Judge Bloom's "misconduct." (Docket Entry # 105.) It appears that the source of

2

Plaintiff's complaint come from a recent July 12, 2007 Order, in which Judge Bloom (1) denied two of Plaintiff's motions for reconsideration of a previous denial to appoint counsel, (2) directed Plaintiff not to file discovery requests or responses with the court, and (3) ordered that Plaintiff's motion for summary judgment be withdrawn without prejudice until after the close of discovery. Plaintiff has asked the court to vacate "any and all orders" of Judge Bloom's. Having reviewed Judge Bloom's Orders, I see no error and decline to vacate this latest Order or any others.

SO ORDERED.

Dated: July 27, 2007
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge