UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WOODROW FLEMMING,

                                           **MEMORANDUM & ORDER**

                                           **03-CV-0662 (NGG)(LB)**

                Plaintiff,

      -against-

CITY OF NEW YORK, YVES GAUVIN,
M.D., and SUZETTE McKENZIE,


                Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Woodrow Flemming, a pro se plaintiff ("Plaintiff"), objects to Magistrate Judge Lois Bloom's Report and Recommendation dated September 11, 2009 (Docket Entry # 186) ("R&R"), which recommends that this court grant summary judgment for Defendants City of New York, Yves Gauvin, M.D., and Suzette McKenzie ("Defendants") on his Eighth Amendment claim. The court assumes the parties' familiarity with the case and with the R&R. Having reviewed the R&R and Plaintiff's Objections (see Docket Entry # 187), the court overrules the Objections, adopts the R&R, and grants Defendants' Motion for Summary Judgment.

I.     **BACKGROUND**

      In his Amended Complaint, Plaintiff claims that Defendants exhibited "deliberate indifference to [his] serious medical needs" in violation of the Eighth Amendment under Estelle v. Gamble, 429 U.S. 97 (1976). (See Am. Compl. (Docket Entry # 30), at 3.) Plaintiff alleges that Defendants were deliberately indifferent to back and shoulder injuries that he sustained in a

1

2002 slip-and-fall accident in prison. (See id. at 3-5.) He also alleges that he was denied access to an MRI to determine the seriousness of his injuries. (See id.)

"The deliberate indifference standard [under the Eighth Amendment] embodies both an objective and a subjective prong." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). To satisfy the objective prong, a plaintiff must show that "the alleged deprivation [is], in objective terms, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective prong considers (1) "whether the prisoner was actually deprived of adequate medical care;" and (2) "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

To satisfy the subjective prong, a plaintiff must show that "the charged official [acted] with a sufficiently culpable state of mind." Id. at 280. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Hathaway, 37 F.3d at 66 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280.

In a thorough R&R, Magistrate Judge Bloom properly addressed Plaintiff's claims under the deliberate indifference standard. Judge Bloom first concluded that Plaintiff had failed to establish the objective component of his Eighth Amendment deliberate indifference claim. (See R&R 8-13.) Based on the medical evidence presented, she found that "plaintiff's shoulder and back injuries were not sufficiently serious to satisfy the objective component of the Eighth

Amendment analysis." (R&R 10.) Her conclusion was supported by, inter alia, MRI and x-ray evidence showing that there were no abnormalities in Plaintiff's back and shoulder. (Id.)

In addition, the Magistrate Judge Bloom concluded that Plaintiff had failed to establish that Defendants had "denied him adequate medical care." (Id.) Judge Bloom based this conclusion upon evidence that, following his slip-and-fall accident, Plaintiff was immediately taken for x-rays and provided pain medication. (Id. at 10-11.) She also cited evidence of his medical treatment at follow-up visits, including the provision of pain medication and further x-rays (which turned up negative). (Id. at 11.) Finally, Judge Bloom addressed Plaintiff's particular objections to the medical care he received, concluding, inter alia, that his assertions amounted to "a disagreement" about whether and when an MRI might be appropriate, rather than a viable claim for an Eighth Amendment violation. (See id. at 12-13 (citing, inter alia, Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").)

Judge Bloom also concluded that Plaintiff did not satisfy the subjective component of the deliberate indifference test. (See id. at 13-15.) She concluded that, based on the evidence presented, Plaintiff had been "seen routinely and consistently by medical personnel throughout his custody . . . ." (Id. at 14.) Although Plaintiff asserted that Defendants had denied him access to an MRI, Magistrate Judge Bloom noted that Plaintiff was sent for an MRI a few months after it was recommended, and that there was no "record evidence that [Defendants] delayed, denied or interfered with plaintiff getting an MRI." (Id. at 15; see also id. at 4 (noting results of MRI showing no abnormalities).)

Finally, Judge Bloom found no evidence of a municipal policy or practice, and concluded that summary judgment on Plaintiff's municipal liability claim should also be granted. (Id. at

3

15-16.)[1] She further recommended that in forma pauperis status should be denied for the purpose of any appeal. (Id. at 16.)

## II. PLAINTIFF'S OBJECTIONS TO THE R&R

On September 18, 2009, Plaintiff filed his Objections to the R&R. In these Objections, which are now before the court, Plaintiff makes a wide variety of general and vague assertions that he is entitled to relief, and that the Magistrate Judge ignored his claims or otherwise committed legal error. (See, e.g., Objections ¶ 9 (reiterating that Plaintiff injured himself), ¶ 11 (explaining that Plaintiff injured his arm and shoulder), ¶ 12 (arguing that the court should reconsider its ruling), ¶¶ 14-15 (reiterating Plaintiff's liberty interest and rights under the Eighth Amendment), ¶ 16 (reiterating that Defendants were deliberately indifferent to his medical needs), ¶¶ 19-24 (reiterating that Defendants acted with a culpable mental state and pursuant to municipal policy).) These generalized objections are either conclusory or are based on arguments already made and rejected by Judge Bloom. They are reviewed for clear error, and the court has found no such error in this case. Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) ("[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error") (internal quotation marks omitted).[2]

In addition to generalized objections, Plaintiff has lodged what appear to be several specific objections to the R&R. First, Plaintiff appears to argue that Magistrate Judge Bloom

---

[1] Judge Bloom concluded that qualified immunity did not have to be addressed because she had found that there was no Eighth Amendment violation. (See id. at 16.)

[2] Plaintiff separately objects to Judge Bloom's decision to exclude various letters he sent to the court after the instant Motion was fully briefed. (See Docket Entries ## 184, 185.) In that decision, Judge Bloom also denied Plaintiff leave to amend the Amended Complaint to bring additional claims. (See Docket Entry # 184.) The court overrules Plaintiff's objection. There was no error in Judge Bloom's decision to exclude material that was tardy, duplicative, non-meritorious or previously addressed by the court.

4

erred in concluding that his injury was not serious. (Objections ¶¶ 9, 16, 18.) Second, he contends that Defendants were deliberately indifferent to his medical needs because he did not receive an MRI for his injuries until thirteen months after his accident. (Id. ¶¶ 10, 17.) The court has reviewed these objections de novo, see Gupta v. New York City Sch. Constr. Auth., No. 04-CV-2896 (NGG)(LB), 2007 WL 1827418, at *1 (E.D.N.Y. June 25, 2007) (court must "make a de novo review of all portions of the R & R to which Plaintiff specifically objected"), and overrules them.

First, regarding the seriousness of Plaintiff's injury, Judge Bloom began by explicitly recognizing that severe back and shoulder pain could amount to a serious injury under the Eighth Amendment. (See R&R 9 (citing cases).) Nonetheless, relying on medical evidence in the record, Judge Bloom determined that Plaintiff's particular injuries were not serious. (See id. at 9-10 (citing Declaration of G. Thomas dated Mar. 7, 2008 (Docket Entry # 146) ("Thomas Decl."), Exs. I, G); see also id. at 1-4 (recounting medical history).) Most notably, she cited an MRI of Plaintiff's back showing "'no significant abnormalities' and 'no evidence of disc herniation or spinal stenosis'" (id. at 10 (citing Thomas Decl., Ex I, at 1a), as well as x-rays of Plaintiff's shoulder that were "'negative for abnormalities'" (Id. (citing Thomas Decl., Ex. G, at 64, 246)).[3] Plaintiff has not pointed to any contrary evidence that would create a disputed issue of fact regarding the seriousness of his injury.[4]

Second, regarding the MRI that Plaintiff sought, "[w]hether an MRI should have been done is a classic example of a matter for medical judgment as to the appropriate course of

---

[3] A recent consultative medical evaluation from Dr. Douglas S. Cohen also states that Plaintiff's medical history did not reveal "any significant or specific evidence of a traumatic injury," and that there was "no departure from the standard of care following the alleged injury in 2002." (See Thomas Decl., Ex. A, at 5.)

[4] In the alternative, Judge Bloom went on to conclude that, even had Plaintiff made out a serious injury, he did not present sufficient evidence that Defendants denied him adequate medical care. (See R&R 10-13.)

treatment and is not actionable under the Eighth Amendment." Joyner v. Greiner, 195 F. Supp. 2d 500, 505 (S.D.N.Y. 2002) (internal quotation marks omitted). The issue is not whether Plaintiff asked for or received a specific type of medical care. Id. at 504-05. Instead, for Eighth Amendment purposes, the question is whether "the treatment a prisoner receives is adequate," regardless of the prisoner's personal treatment preferences. Vasquez v. Runned, No. 05-cv-6082(RCC)(KNF), 2007 WL 891224, at *5 (S.D.N.Y. Mar. 22, 2007) (citing Chance, 143 F.3d at 703).

Plaintiff was sent for various tests and treatment following his accident in September 2002. (See, e.g., Thomas Decl., Ex. G, at 64 (noting x-ray and prescribing pain reliever following slip-and-fall), 65-76 (describing medical evaluations in days following accident), 75-76 (noting off-and-on pain and prescribing, inter alia, x-ray, Motrin); see also id. at 214-15 (injury report indicating no fracture).) The medical record indicates that follow-up x-rays were performed and that abnormalities were not found (see, e.g., id. at 184, 223-24, 235-38, 246); it also indicates that Plaintiff was being provided pain medication (see, e.g., id. at 64, 76, 184 ). Plaintiff does not point to particular medical tests or other evidence indicating that he had a serious injury. Nor does he show that Defendants were aware of such an injury, or that Defendants took any actions to impede his access to appropriate medical care.[5] That Plaintiff may have desired, or requested, an MRI on a particular occasion does not mean that Defendants were deliberately indifferent to his medical needs.

Furthermore, Plaintiff argues that Judge Bloom should have considered his deposition in her R&R. (See Objections ¶ 8.) To the extent that Judge Bloom failed to consider it, Plaintiff's deposition is not sufficient to salvage his claim. In a portion which he attaches to his Objections,

---

[5] To the extent that Plaintiff claims that Judge Bloom failed to consider the fact that Defendant Gauvin impeded his access to an MRI (Objections ¶ 10), his objection is overruled. Dr. Gauvin specifically noted an MRI request on Plaintiff's Medical Record Summary. (See Thomas Decl., Ex. I, at 1.)

6

Plaintiff states that: "[d]ue to the[] negligence of treatment, negligence of seeing me, . . . this is what left . . . me . . . with this injury." (Objections (attached deposition, at 8-9).) Plaintiff merely states a legal conclusion about the nature of his claim—this does not provide evidentiary support for his conclusion. And, in any case, assertions of mere negligence are insufficient to establish deliberate indifference under the Eighth Amendment. See Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 620 (2d Cir. 1996) ("[T]o state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."). Plaintiff's reference to his deposition does not support a finding of deliberate indifference nor does it undermine Judge Bloom's conclusions.

In sum, Plaintiff has failed to establish a disputed issue of material fact regarding his deliberate indifference claim.

## III. CONCLUSION

Plaintiff's Objections are overruled. The court adopts the R&R and grants Defendants' Motion for Summary Judgment. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: September 30, 2009
Brooklyn, New York

NICHOLAS G. GARAUFIS
United States District Judge

7