UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

WOODROW FLEMMING,

**ORDER**

03-CV-0662 (NGG) (LB)

Plaintiff,

-against-

CITY OF NEW YORK, YVES GAUVIN,
M.D., and SUZETTE McKENZIE,

Defendants.
--------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

In a Memorandum & Order dated September 30, 2009 (Docket Entry # 189), the court

adopted Magistrate Judge Lois Bloom's Report and Recommendation ("R&R") dated September

11, 2009 (Docket Entry # 186) and granted summary judgment to Defendants. The Clerk of

Court entered judgment on October 2, 2009. (Docket Entry # 190.) Pro se Plaintiff filed a notice

of appeal on October 26, 2009. (Docket Entry # 197.) On March 22, 2010, Plaintiff moved,

pursuant to Federal Rules of Civil Procedure 59 and 60, for an order altering the September 30,

2009 Memorandum & Order and vacating the entry of judgment against him. ("Motion"

(Docket Entry # 205).)[1] Despite Plaintiff's notice of appeal, the court retains jurisdiction to rule

on the Motion. See Gaudagni v. New York City Transit Authority, No. 08-CV-3163 (CPS),

2009 U.S. Dist. LEXIS 22408, at *6 n.3 (E.D.N.Y. Mar. 19, 2009).

"[C]ourts have recognized four basic grounds on which a judgment may be altered or

amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors

of law or fact, the availability of new evidence, or an intervening change in controlling law."

---

[1] Plaintiff also references Federal Rule of Civil Procedure 8(c), which covers affirmative defenses.

Meteor AG, 2009 U.S. Dist. LEXIS 107674, at *8 (citing <u>Virgin Atl. Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." <u>Exxon Shipping Co. v. Baker</u>, 128 S. Ct. 2605, 2617 n.5 (2008) (internal citation omitted). "[T]he standard for granting a Rule 59(e) motion is strict, and reconsideration will generally be denied." <u>In re Health Mgmt. Sys., Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation omitted). A motion for reconsideration must also be filed no later than 28 days after the entry of judgment. <u>See</u> Fed. R. Civ. P. 59(e). Having reviewed Plaintiff's Motion and supporting papers, the court finds that the demanding standard for reconsideration has not been met.[2] Moreover, Plaintiff's Motion is untimely, as it was filed 171 days after the entry of judgment.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment in limited circumstances. Sections 60(b)(1)-(5) enumerate specific grounds for relief, none of which are satisfied here. Section 60(b)(6) is properly invoked "only when there are extraordinary circumstances justifying relief," or "when the judgment may work an extreme and undue hardship." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 63 (2d Cir. 1986). Plaintiff has not demonstrated that such circumstances are present.

Plaintiff's Motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 9, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The court has also reviewed Plaintiff's letter to the court dated September 29, 2009 (Docket Entry # 188). It does not establish any basis for reconsidering the court's September 30, 2009 Memorandum & Order.